UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IGOR SALVA, AND DOES 1 TO 10,<br><br>Defendants. | Case No.: 18-cv-00357-AJB-MDD<br><br>**ORDER:**<br><br>**(1) SUA SPONTE REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. Nos. 1, 3) |

On February 15, 2018, Defendant Igor Salva ("Removing Defendant") filed a notice to remove an unlawful detainer action filed in San Diego Superior Court to this Court. (Doc. No. 1.) The removal was based on federal question jurisdiction pursuant to 12 U.S.C. § 5201 the "Protecting Tenants at Foreclosure Act of 2009." (*Id.* at 2–3.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction and **DENIES AS MOOT** Removing Defendant's motion to proceed in forma pauperis. (Doc. Nos. 1, 3.)

# DISCUSSION

### A. Subject Matter Jurisdiction

After a review of Plaintiff Breckenridge Property Fund 2016, LLC's ("Plaintiff") complaint and Removing Defendant's notice of removal, the Court notes that the only cause of action asserted in the present matter is for unlawful detainer. (*See generally* Doc. No. 1-2.) Accordingly, the Court finds it lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loan Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008). Moreover, there is a "strong presumption" against removal jurisdiction and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Remand is necessary if it appears from the face of the complaint that the court lacks subject matter jurisdiction over the removed action. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the Court finds that Plaintiff is bringing a single cause of action against Removing Defendant for unlawful detainer. (*See generally* Doc. No. 1-2.) Thus, because this is a purely state law cause of action, the Court does not have federal question jurisdiction and must remand the matter. *See Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Removing Defendant attempts to argue that the complaint was properly removed as it expressly references the "Protecting Tenants at Foreclosure Act of 2009." (Doc. No. 1 at

2–3.) Unfortunately, no such reference to the Act is clearly made on the face of the complaint. Thus, the Court is not persuaded that this case "arises under" federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that the determination as to whether a case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

In addition, the face of the complaint clearly shows that this Court does not possess diversity jurisdiction over the matter. For a federal court to exercise diversity jurisdiction there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a). Here, the complaint clearly states that the demand does not exceed $10,000. (Doc. No. 1-2 at 1.) Moreover, even calculating the damages that Plaintiff seeks—$91.67 per day in damages beginning on October 25, 2017—it only amounts to a little over $10,000 as of the date of this Order, which is far less than the $75,000 needed to employ diversity jurisdiction. (*Id*. at 6.) Further, the notice of removal illustrates that both parties do business or reside within California. (Doc. No. 1 at 3.) Thus, the Court also lacks diversity jurisdiction in the present case. *See* 28 U.S.C. § 1332(a)(1).

## CONCLUSION

Accordingly, for the reasons set forth above, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction to the San Diego Superior Court. Consequently, Removing Defendant's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: February 20, 2018

Hon. Anthony J. Battaglia
United States District Judge